460 So.2d 76 (1984)
STATE of Louisiana
v.
Morrison Lee FURLOW.
No. 84 KA 0441.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*77 Ossie Brown, Dist. Atty., by Brett Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
Defendant, Morrison Lee Furlow, was charged by bill of information with third offense DWI, a violation of LSA-R.S. 14:98. Defendant moved to quash the bill of information. In support of this motion, defendant argued that he was denied equal protection of the law due to the disparity in sentencing provisions for third offense DWI and fourth offense DWI, i.e., a third offense DWI conviction requires six months of the sentence be served without parole, probation or suspension of sentence, while a fourth offense DWI conviction has no such requirement. Defendant's motion to quash the bill of information was denied. Defendant then pled guilty to the charge and expressly reserved his right to appeal the denial of the motion. See State v. Crosby, 338 So.2d 584 (La.1976). The trial judge sentenced defendant to serve one year in the custody of the Department of Corrections with credit for time already served.
In defendant's sole assignment of error, he argues that the trial judge erred in denying the motion to quash the indictment. Defendant contends that his conviction of a third offense of DWI subjects him to the imposition of a harsher penalty than one convicted of a fourth offense of DWI, i.e., a mandatory six month jail sentence. Defendant further contends that, as a result of this disparity, his right to equal protection of the law has been violated. U.S. Const. 14th Amendment; LSA-Const. Art. I, § 3.
LSA-R.S. 14:98(D) and (E) provide as follows:
D. On a third conviction, [for DWI] regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence. If a portion of the sentence is imposed with benefit of probation, parole, or suspension of sentence, the court shall require the offender to participate in a court-approved substance abuse program and/or participate in a court-approved driver improvement program.
E. On a fourth conviction, [for DWI] regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.
In the case sub judice, the actual sentence imposed on defendant is one year at hard labor. The trial judge did not specify that a portion of defendant's sentence be served without parole, probation or suspension of sentence as required by LSA-R.S. 14:98(D). In the recent case of State v. Jackson, 452 So.2d 682 (La.1984), the Louisiana *78 Supreme Court found that such sentencing errors are not to be noted as patent errors by the reviewing court.
The United States Supreme Court has held that a party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights; and, as a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. County of Ulster v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 77 (1979); State v. Turner, 392 So.2d 436, 441 (La.1980). We have adhered to this position by saying that only a person whose rights are injuriously affected by those provisions of the law sought to be declared unconstitutional can be heard to challenge the constitutionality thereof. State v. Turner, supra; State v. McMahon, 391 So.2d 1120, 1123 (La.1980).
The sentence actually imposed on defendant did not implement the mandatory jail sentence requirement for one convicted of a third offense DWI. Therefore, defendant has not been adversely affected by what he claims is an unconstitutional disparity in the sentencing provisions of LSA-R.S. 14:98. As a result, we need not address defendant's contentions concerning the unconstitutionality of LSA-R.S. 14:98.
We find no merit in defendant's assignment of error.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.