CARTER, Judge.
Omar Abdul Rahman, a/k/a Andre Robinson, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. After initially entering a plea of not guilty, defendant later withdrew that plea and entered a plea of guilty.
Defendant was subsequently sentenced to imprisonment for a term of twenty-five years at hard labor without benefit of parole, probation or suspension of sentence. He has appealed, urging as his only assignment of error that the sentence is excessive and that the trial court erred by failing to comply with the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1.
FACTS
Factual background of the instant offense is revealed by the testimony elicited at the preliminary examination and the police report attached to the presentence investigation report. The offense occurred shortly before midnight on January 14, 1987, in Baton Rouge.
After Christopher Gilmore exited the Library Restaurant, located at 200 West Chimes Street, he used a telephone located outside the building. Cynthia Barcelona also exited the same establishment, noticed Gilmore using the telephone, stopped, and began waiting. Defendant, James Guerin, and a third perpetrator approached Gilmore and Barcelona. Defendant pointed a silver automatic pistol at Gilmore’s head and demanded his money. Gilmore surrendered his money to defendant, and defendant took a buck knife from him.
As defendant robbed Gilmore, his co-perpetrator, James Guerin, pinned Cynthia Barcelona against a wall and asked her what her purse contained. She replied that it contained nothing and offered the purse and a beer she was drinking to Guerin. He refused both. The third perpetrator acted as a lookout.
The three perpetrators walked away from the victims and then began running from the scene. The police were summoned; and, shortly thereafter, all three perpetrators were apprehended, placed under arrest, and advised of their constitutional rights.
Article 1, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either *722 by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine if a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Johnston, 476 So.2d 551 (La.App. 1st Cir.1985).
A trial court’s reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.-1, are an important aid to this court when reviewing a sentence alleged to be excessive. State v. Christy, 509 So.2d 829 (La.App. 1st Cir.1987), writ denied, 513 So.2d 296 (La.1987). The trial court need not recite the entire checklist found in LSA-C. Cr.P. art. 894.1. However, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). Even when the trial court has not complied with LSA-C.Cr.P. art. 894.1, this court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, supra.
Armed robbery is punishable by imprisonment at hard labor for not less than five years and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. Defendant was sentenced to twenty-five years at hard labor without benefit of parole, probation or suspension of sentence.
The record reflects that the content of the presentence investigation report was taken into consideration by the trial court during its sentencing deliberations. The presentence investigation report disclosed that defendant was nineteen years old and classified as a second felony offender.
We find that the trial court adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. At sentencing, the trial court reviewed defendant’s criminal record as it was reflected in the presentence investigation report. The trial court noted that defendant’s criminal record included arrests for simple battery, simple burglary, simple criminal damage to property, and felony theft and convictions for simple criminal damage to property and simple burglary of an inhabited dwelling. The trial court specifically noted that the instant offense had been committed while defendant was serving the probated sentence he received for his conviction of simple burglary of an inhabited dwelling. In referring to the plea bargain entered into by defendant in this case, the trial court stated that it indicated the state would not institute proceedings to enhance defendant’s sentence under the Habitual Offender Statute. Additionally, the trial court noted that the plea bargain provided for a maximum sentence of twenty-five years at hard labor and that defendant probably deserved a greater sentence. The trial court properly noted that, absent the plea bargain, defendant probably would have received a sentence exceeding the agreed maximum. See State v. Smack, 425 So.2d 737 (La.1983).
In imposing sentence, the trial court stated that it had taken all the factors contained in LSA-C.Cr.P. art. 894.1 into consideration. The trial court noted that defendant’s youth was a mitigating factor, but that the aggravating factors outweighed the mitigating factors. Noting the seriousness of this particular offense and defendant’s prior criminal record, the trial court stated that there was an undue risk that defendant would commit another crime during any period of probation. The court stated that defendant was in need of correctional treatment or a custodial envi *723 ronment that can best be provided by his commitment to a correctional institution and that a lesser sentence would deprecate the seriousness of the offense.
Under the circumstances of this case, we are unable to say that the trial court abused its discretion in imposing defendant’s sentence. The trial court fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved. Hence, we do not find defendant’s sentence to be excessive.
CONCLUSION
For the above reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.