623 So.2d 47 (1993)
STATE of Louisiana
v.
Bruce YOUNG, Jr.
STATE of Louisiana
v.
Bruce YOUNG, Jr.
Nos. KA 92 1887, KA 93 0042.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
Writ Denied October 29, 1993.
*48 Doug Moreau, Dist. Atty., Baton Rouge, by Kay Howell, Asst. Dist. Atty., for State of La.
John H. Samaha, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
Bruce Young, Jr., was charged by bill of information with distribution of cocaine (count 1), a violation of La.R.S. 40:967(A), and two counts of possession of a firearm by a convicted felon (counts 2 and 3), violations of La.R.S. 14:95.1. After initially pleading not guilty, he changed his plea to guilty on count 1. He then waived trial by jury and proceeded to trial before the judge on counts 2 and 3. The court reviewed evidence submitted pursuant to a stipulation and found defendant not guilty on counts 2 and 3. In the same stipulated trial proceeding, the court also found defendant guilty of aggravated battery, a charge which was the subject of a separate bill of information.
The court sentenced defendant on the distribution of cocaine charge to serve a term of ten years imprisonment at hard labor, consecutive to the sentence imposed for the aggravated battery conviction. Defendant filed a motion to reconsider the sentence, arguing the term imposed for the aggravated battery conviction, which apparently was ten years, should be reduced in light of the state's intent to charge defendant as a habitual offender. Subsequently, the state filed a bill of *49 information charging defendant as a second felony habitual offender for his distribution of cocaine conviction. See La.R.S. 15:529.1. Defendant filed a motion to quash the habitual offender bill. After the court denied the motion to quash, defendant stipulated to the habitual offender bill. The court adjudicated defendant as a second felony habitual offender, vacated the original sentence, and sentenced defendant to serve a term of fifteen years imprisonment at hard labor, with credit for time served, consecutive to the sentence imposed for aggravated battery. The court also granted defendant's motion to reconsider the aggravated battery sentence and reduced that sentence to five years imprisonment at hard labor.
Defendant has appealed his conviction for distribution of cocaine, urging six assignments of error. In these assignments of error and in the briefs filed in connection with the appeal, defendant appears to assume the aggravated battery conviction also is a part of this appeal. However, as we indicated in an order of this court, dated April 13, 1993, the district court record before the court in this appeal concerns defendant's conviction for distribution of cocaine only. In the order, we granted the state's motion to strike those portions of defendant's briefs relative to the aggravated battery conviction and sentencing.[1] Thus, the assignments before the court in this appeal are as follows: (1) improper imposition of consecutive sentences; (2) imposition of a sentence which exceeds the sentence suggested by the sentencing guidelines; (3) excessive sentence; (4) denial of motion to quash habitual offender bill; and (5) refusal to allow defendant to introduce documentary evidence at the motion to quash hearing. Defendant has not specifically briefed the second assignment.

PATENT ERROR
This Court has discovered error patent on the face of the proceedings which requires us to vacate the ruling adjudicating defendant to be a habitual offender and the sentence imposed accordingly. See La.C.Cr.P. art. 920(2). Therefore, we pretermit a discussion of defendant's claims of excessive sentence and improper imposition of consecutive sentences because this case must be remanded for resentencing.
La.R.S. 15:529.1(D) provides that, upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." The statute further implicitly provides that the defendant should be advised by the court of his right to remain silent. State v. Griffin, 525 So.2d 705, 706 (La.App. 1st Cir.1988).
The transcript of the proceedings reflects that, after the motion to quash the habitual offender bill was denied, defendant agreed to stipulate to the provisions of the multiple offender bill. The court's written reasons for judgment state that defendant was advised of his rights before the habitual offender stipulation. However, the transcript reveals that the court did not advise defendant of the specific allegations contained in the multiple offender bill of information, his right to be tried as to the truth of the allegations, or his right to remain silent before obtaining his stipulation to the provisions. These failures of the trial court constitute error patent on the face of the record and require that the habitual offender adjudication and sentence be vacated. See Griffin, 525 So.2d at 707.
For these reasons, we vacate the ruling adjudicating defendant to be a multiple offender and the sentence imposed for distribution of cocaine, and we remand for further proceedings in accordance with the views expressed in this decision. Because the issues raised in defendant's two assignments of *50 error dealing with the motion to quash will affect the state's decision to proceed with the habitual offender proceedings on remand, we will address those two assignments of error.

DENIAL OF MOTION TO QUASH
Prior to his adjudication as a habitual offender, defendant filed a motion to quash the habitual offender bill. He argued the district attorney had no discretion to charge him as a habitual offender under section 309(A) of the sentencing guidelines. Considering the guidelines to be merely advisory in nature, the court denied the motion to quash.
Section 309(A) of the Felony Sentencing Guidelines issued by the Louisiana Sentencing Commission provides as follows:
The guidelines increase the designated sentence range for an offender on the basis of the offender's prior criminal convictions, custody status, and the "crime family" of the current and prior convictions. In those cases in which the district attorney determines that the offender's pattern of past criminal conduct has been significantly more extensive than the typical offender with the same criminal history index, the district attorney may institute proceedings under R.S. 15:529.1, the Habitual Offender Law.
18 La.Reg. 50 (Jan.1992). Relying on this provision, defendant claims the sentencing guidelines limit the district attorney's discretion to charge someone as a habitual offender to only that circumstance described in section 309(A).
For the following reasons, we reject defendant's argument. As we indicated in State v. Carter, 610 So.2d 972 (La.App. 1st Cir.1992), "`the discretion to charge a defendant under the Habitual Offender Law lies with the district attorney and no one else.'" 610 So.2d at 975 (quoting State v. McFarland, 578 So.2d 1014, 1016 (La.App. 4th Cir. 1991)). See also La.R.S. 15:529.1. To the extent section 309(A) attempts to limit a district attorney's discretion to charge a subject as a habitual offender, the guideline exceeds the authorization delegated to the Louisiana Sentencing Commission by the legislature. The legislation which created the Sentencing Commission specifically directs the commission to adopt advisory guidelines for the "court" to use in imposing sentence. La.R.S. 15:326(A). Additionally, the legislation lists the purpose of the commission as being "to assist the judiciary" by preparing advisory sentencing guidelines to be used by the court in determining sentences in particular cases. La.R.S. 15:321(B). Accordingly, the authority of the sentencing commission clearly is limited to advising the trial court relative to its sentencing function; the commission has no authority relative to prosecutors. Thus, section 309(A) exceeds the legislature's authorization to the sentencing commission and invalidly attempts to restrict the district attorney's discretion. See La.R.S. 49:963(C). See generally State v. Union Tank Car Co., 439 So.2d 377, 380 (La.1983).
Furthermore, the language of section 309(A) does not necessarily support defendant's claim. Section 309(A) says the district attorney "may" institute habitual offender proceedings under the circumstance mentioned. However, the section does not necessarily regulate the district attorney's discretion to proceed with habitual offender proceedings under other possible circumstances. Additionally, both the legislation authorizing the adoption of sentencing guidelines and language in the guidelines themselves clearly provide that the guidelines are "advisory" in nature. See La.R.S. 15:321(B), 15:326(A), 15:328(B). See also Felony Sentencing Guidelines § 103(J), 18 La.Reg. 45 (Jan. 1992).
Accordingly, the assignment of error is without merit.

EVIDENTIARY RULING CONCERNING DOCUMENTARY EVIDENCE
At the motion to quash hearing, defendant attempted to introduce copies of various police reports in an attempt to establish that his past criminal record was not significantly more extensive than the typical offender with the same criminal history index. The state objected to introduction of the documents on the ground of irrelevancy. The prosecutor argued that, because section 309(A) of the sentencing guidelines did not limit the district attorney's discretion to charge a subject as a habitual offender, any evidence tending to establish that defendant's *51 record met the test established in section 309(A) was irrelevant. Having already found that section 309(A) does not limit the district attorney's discretion, we agree the documents were irrelevant. The assignment of error is without merit.
CONVICTION AFFIRMED. MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Mr. Young filed a motion to reconsider the April 13th ruling granting the motion to strike. For the same reasons given in the April 13th ruling, the motion to reconsider is denied. The right to appeal the aggravated battery conviction and sentence was preserved in Mr. Young's motion for appeal. However, because the record of that conviction has not yet been lodged in this court, that appeal has not been perfected.