665 So.2d 175 (1995)
STATE of Louisiana
v.
Bruce YOUNG, Jr.
No. KA 94 2256.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
John Samaha, Baton Rouge, for Defendant/Appellant Bruce Young, Jr.
Doug Moreau, Lou Daniel, Monisa L. Thompson, Baton Rouge, for Appellee State.
Before LeBLANC, WHIPPLE and FOGG, JJ.
WHIPPLE, Judge.
Defendant, Bruce Young, Jr., was charged in a three-count bill of information with distribution of cocaine (count 1), a violation of LSA-R.S. 40:967(A), and two counts of possession of a firearm by a convicted felon (counts 2 and 3), violations of LSA-R.S. 14:95.1. After initially pleading not guilty to all three counts, he changed his plea on count 1 to guilty, waived his right to trial by jury on counts 2 and 3 and proceeded to trial before the trial court on those counts. The trial court reviewed evidence submitted pursuant to a stipulated trial proceeding and *176 found defendant not guilty on counts 2 and 3. In the same stipulated trial proceeding, the court also found defendant guilty of aggravated battery, a charge which was the subject of a separate bill of information.
The court sentenced defendant on the distribution of cocaine conviction to serve a term of ten years imprisonment at hard labor, consecutive to the ten year sentence imposed for the aggravated battery conviction. Defendant filed a motion to reconsider the sentence for the aggravated battery, arguing that the ten year term of imprisonment at hard labor imposed for the aggravated battery should be reduced in light of the state's intent to charge defendant as a habitual offender. The state filed a bill of information charging defendant as a second felony habitual offender for his distribution of cocaine conviction. Defendant filed a motion to quash the habitual offender bill. After the court denied the motion to quash, defendant stipulated to the allegations in the habitual offender bill. The court adjudged defendant to be a second felony habitual offender, vacated the original sentence for the distribution of cocaine conviction, and sentenced defendant to serve a term of fifteen years imprisonment at hard labor, with credit for time served, consecutive to the sentence imposed for the aggravated battery. The court also granted defendant's motion to reconsider the aggravated battery sentence and reduced that sentence to five years imprisonment at hard labor.[1] On appeal of the distribution of cocaine conviction, we affirmed the conviction. However, on the basis of error patent, we vacated the multiple offender adjudication and the sentence for the distribution of cocaine conviction and remanded the case for further proceedings. See State v. Young, 623 So.2d 47 (La.App. 1st Cir.), writ denied, 626 So.2d 1179 (La.1993). On remand, at a hearing conducted on August 18, 1994, defendant reurged his motion to quash the habitual offender bill. Again, the trial court denied the motion to quash; and defendant stipulated to his status as a second felony habitual offender. At this hearing, the trial court adjudged defendant to be a second felony offender and imposed a sentence of fifteen years at hard labor, with credit for time served, to run consecutively to any sentence defendant may be serving. Defendant now appeals, urging three assignments of error:
1. The trial court erred in imposing a consecutive sentence rather than a concurrent sentence.
2. Alternatively, if this Court finds that imposition of a consecutive sentence is proper, defendant asserts that the sentence is constitutionally excessive.
3. The trial court erred by denying the motion to quash the habitual offender bill of information.
The factual background pertinent to the instant offense and the aggravated battery, as previously set forth in our prior opinion in State v. Young, No. 93 KA 1267, are as follows. The stipulation reflects that on the night of May 29, 1991, Detectives Grim and Shelton were working as undercover narcotics officers. While the officers were riding in a truck, defendant flagged down the officers and asked them what they were looking for. The officers indicated that they wanted to buy some cocaine. Defendant indicated that he would secure some cocaine for them, although a lesser quantity than they had requested.
Later, defendant approached the officers' parked vehicle. Defendant got inside the vehicle with the officers. Defendant asked the officers if they were the police. They denied that they were policemen. Defendant became nervous and wanted to exit the vehicle. At that point, the officers and defendant *177 exited the vehicle. Defendant produced four baggies, each containing a white powdery substance. Defendant gave the baggies to Grim for him to examine. Grim looked at the baggies and indicated to defendant that he would purchase them. Grim then pretended to remove some money from his pocket, identified himself as a police officer and advised defendant that he was under arrest.
Defendant responded by attempting to run away from the officers, but was restrained by them after making a few steps. When the officers attempted to handcuff defendant, a struggle ensued between them and defendant. While Shelton was attempting to place handcuffs on defendant, defendant bit Shelton's arm. In the course of the struggle, defendant grabbed Shelton's gun and struck Shelton with it about his head in three different areas, which caused some lacerations. Defendant began swinging the weapon wildly. Defendant continued to struggle with the officers; he tried to strike Shelton again and stated: "I'll kill you." While still in possession of Shelton's gun, defendant fled the scene.
After the incident, Shelton was treated at a hospital where he received ten sutures for these wounds. At trial, the state introduced into evidence State Exhibit S-3, photographs depicting the three areas where lacerations were inflicted upon Shelton's head by defendant during the struggle.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In these assignments, defendant contends that the trial court erred by imposing a consecutive rather than a concurrent sentence for the distribution of cocaine conviction. Alternatively, defendant argues that if this Court finds the imposition of the consecutive sentence was appropriate, the sentence is constitutionally excessive. Additionally, in regard to his sentence as a multiple felony offender, defendant requests that this Court remand the case to the trial court for a hearing on whether or not defendant's past criminal conduct has been significantly more extensive than the typical offender given his criminal history index.
The state takes the position that defendant's sentence is not reviewable for two reasons, i.e., defendant's failure to file a written motion to reconsider the sentence imposed on remand and the fact that there was a plea agreement for a maximum sentence of thirty years at hard labor.
We have examined the record and do not find a written motion to reconsider sentence in the record. However, at the August 18, 1994, sentencing proceeding, defense counsel objected to the sentence. The bases stated by counsel for the objection were that the sentence should be a concurrent sentence since the distribution of cocaine and the aggravated battery arose out of one transaction or one event and that, because a consecutive sentence was imposed, the sentence deviated from the sentencing guidelines and was excessive. We conclude that these stated bases for objection by defense counsel constituted an oral motion to reconsider sentence, which preserved the stated bases for appellate review and obviated the need for a written motion filed after sentencing. See State v. Caldwell, 620 So.2d 859 (La.1993).
However, because defendant pled guilty pursuant to a plea agreement, and was sentenced within the agreed upon range, he is precluded from seeking review of his sentence. See LSA-C.Cr.P. art. 881.2(A)(2); State v. Lewis, 633 So.2d 318, 321 (La.App. 1st Cir.1993).[2]
*178 Accordingly, these assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment, defendant contends that the trial court erred by denying his motion to quash the habitual offender bill of information. He acknowledges that the identical issue was previously resolved adversely to him in Young, 623 So.2d at 50; however, he indicates that he again advances the argument out of an abundance of caution.
We find that, for the same reasons previously stated in Young, 623 So.2d at 50, this assignment is without merit.

CONCLUSION
For the above and foregoing reasons, defendant's habitual offender adjudication and sentence are affirmed.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.
NOTES
[1] In an unpublished opinion, in which defendant's only briefed assignment of error alleged the evidence was insufficient to support his aggravated battery conviction, we affirmed defendant's conviction and sentence for the aggravated battery. See State v. Young, 93-1267 (La.App. 1st Cir. 4/8/94); 637 So.2d 181, writ denied, 94-1227 (La. 9/23/94); 642 So.2d 1309. Because defendant did not allege excessiveness of sentence in his appeal of the aggravated battery conviction and sentence, any assertion by defendant (in the instant appeal of his sentencing for the distribution of cocaine conviction) that his sentence for the aggravated battery conviction is excessive is not properly before this Court, as the instant appeal is limited to the sentencing for the distribution of cocaine offense.
[2] We recognize a split in the Circuits on the issue of whether or not a plea bargain which includes a sentencing cap precludes review of a sentence for excessiveness. See State v. Boros, 94-453 and 94-454, pp. 7-8 (La.App. 5th Cir. 11/29/94); 646 So.2d 1183, 1187, writ denied, 94-3148 (La. 5/12/95); 654 So.2d 347. Lewis was a departure from the jurisprudence of the Supreme Court and this Court under which a claim of excessiveness of sentence was reviewed on appeal notwithstanding the existence of a plea agreement providing for a sentencing cap or maximum sentence. See State v. Smack, 425 So.2d 737, 738 (La.1983); State v. Rahman, 525 So.2d 721, 722 (La.App. 1st Cir.1988); State v. Pitre, 506 So.2d 930, 933 (La.App. 1st Cir.), writ denied, 508 So.2d 87 (La.1987).

However, Lewis was based not only upon State v. Hawkins, 615 So.2d 1367 (La.App. 2nd Cir.), writ denied, 624 So.2d 1223 and 1224 (La.1993) and State v. Brooks, 614 So.2d 788 (La.App. 2nd Cir.), writ. denied, 619 So.2d 577 (La.1993), but also on the new LSA-C.Cr.P. art. 881.2(A)(2) (enacted by 1991 La. Acts, No. 38, § 1), which took effect January 31, 1992. The language of art. 881.2(A)(2) is sufficiently broad to preclude appellate review of not only a specifically agreed upon sentence but also a sentence imposed within a specified range (or cap) as long as that range was set forth in the record at the time of the plea agreement.