674 So.2d 465 (1996)
STATE of Louisiana
v.
Darryl DENOMES.
No. 95 KA 1201.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*466 Walter P. Reed, Covington, for State of Louisiana.
William R. Campbell, Jr., New Orleans, for State of Louisiana.
James H. Looney, Covington, for Darryl Denomes.
Before LeBLANC, WHIPPLE and FOGG, JJ.
LeBLANC, Judge.
Defendant, Darryl Denomes, was charged by bill of information with two counts of aggravated arson, violations of La.R.S. 14:51. After trial by jury, he was found guilty as charged on count I; and a mistrial resulted on count II when the jury was unable to reach a verdict as to that count. The trial court imposed a sentence of imprisonment at hard labor for a term of seven years.
Thereafter, on January 28, 1994, the state filed a multiple offender bill of information charging defendant as a fourth felony habitual *467 offender under the provisions of La.R.S. 15:529.1. The multiple offender bill alleged three predicate felony convictions, a 1984 guilty plea in St. Tammany Parish to possession of stolen property, a 1985 guilty plea to cocaine sales in California and a 1986 guilty plea to assault with a deadly weapon in California. On February 16, 1994, defendant filed a motion to quash the habitual offender bill and a motion for discovery regarding the allegations in the bill. On February 22, 1994, defendant was arraigned on the multiple offender bill and denied the allegations in the bill. On August 1, 1994, and again on January 6, 1995, defendant filed a motion entitled "MOTION TO QUASH, AS UNCONSTITUTIONAL, R.S. 15:529.1(D)(1)(b) AND DENIAL OF ALLEGATIONS IN MULTIPLE OFFENDER BILL." Additionally, on January 6, 1995, defendant filed a motion to quash and to suppress evidence of prior offenses. In this motion, defendant made clear that his challenge of the predicates was directed solely at the two California guilty pleas.
On January 11, 1995, the trial court conducted a hearing. At the January 11 proceeding, the state and the defense stipulated solely as to defendant's identity as the individual who had been convicted of the three predicate convictions; and counsel for defendant stated that he was reserving defendant's rights challenging the California predicates in accordance with the previously filed motions and his memorandum in support thereof. During the January 11 hearing, the state introduced into evidence various documents, State Exhibits S-1 through S-10; and the court took the matter under advisement.
On February 21, 1995, the court held another hearing. During this hearing, the court disallowed the state's use of one of the two challenged predicate offenses (the 1985 California guilty plea), denied defendant's motions in all other respects, and adjudicated defendant a third felony offender. At the February 21, 1995 hearing, the trial court vacated the original sentence imposed and sentenced defendant as a third felony offender to imprisonment at hard labor for a term of twenty-five years without benefit of probation, parole or suspension of sentence.[1] Defendant has appealed, urging four assignments of error.

ASSIGNMENTS OF ERROR NOS. ONE AND FOUR
In assignment one, defendant contends that the trial court erred by failing to hold that certain provisions of La.R.S. 15:529.1 are unconstitutional in whole or in part. In assignment four, defendant contends the trial court erred in adjudicating him a third felony offender and, in particular, by ruling that the state had met its burden of proof under State v. Shelton, 621 So.2d 769 (La.1993), as to the 1986 California predicate guilty plea.
In State v. Shelton, which was rendered on July 1, 1993, the Louisiana Supreme Court revised the scheme of allocating burdens of proof in habitual offender proceedings. The court, in Shelton, stated:
In light of the fact that Parke [v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)] holds Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding and because our present system of placing the entire burden on the State fails to give any presumption of regularity to a final conviction used in an habitual offender hearing, we today revise our previous scheme allocating burdens of proof in habitual offender proceedings.

*468 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (footnotes omitted) 621 So.2d at 779-780.
The challenged provisions of La.R.S. 15:529.1 at issue are contained in Subsections (D)(1)(a) & (b) of that statute. The single challenged provision in Subsection (D)(1)(a) is one that attaches when an individual is arraigned on a multiple offender charge and denies the allegations in the information, refuses to answer or remains silent, viz., that the individual "shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b)." The other challenged provisions are those in Subsection (D)(1)(b), which provide as follows:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

ALLEGED UNCONSTITUTIONALITY OF CHALLENGED PROVISIONS
Defendant claims that the trial court erred by not declaring the challenged provisions of La.R.S. 15:529.1 unconstitutional in whole or in part. In asserting the alleged unconstitutionality of the challenged provisions, defendant makes several arguments, each of which is addressed hereinafter.
Statutes are presumed to be valid; whenever possible, the constitutionality of a statute should be upheld. State v. Brenner, 486 So.2d 101, 103 (La.1986). Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Griffin, 495 So.2d 1306, 1308 (La.1986).
Defendant concedes that the jurisprudential rule fashioned by the Louisiana Supreme Court in Shelton and quoted above is the latest pronouncement from that Court on the constitutional limits of multiple offender proceedings regarding burden of proof. However, he argues that the challenged provisions of La.R.S. 15:529.1 are "illogical and impossible" as they present an accused multiple offender with an "impossible choice," which violates the accused's rights under the Louisiana Constitution to due process and a fair trial. Defendant asserts that the "impossible choice" is that the statute requires the accused to respond to the evidence of the *469 state (prior to the time the state presents its evidence or provides copies of documents through discovery) by making a general denial of the allegations, guessing as to what the state's evidence will show or blindly accepting the allegations without a review of any of the relevant evidence. Defendant asserts that the provisions of La.R.S. 15:529.1 at issue purport to shift the entire burden of proof as to the propriety vel non of the predicates alleged in the multiple offender bill to the defendant. He claims such a burden is unprecedented in civil or criminal law, that it is the state that should bear the ultimate burden of proof of the predicates and (notwithstanding his concession regarding Shelton) that Shelton does not permit the shifting of the burden of persuasion to the defendant.
In Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), the United States Supreme Court reviewed a criminal defendant's challenge of Kentucky's largely jurisprudential burden-shifting rule for determining the validity of predicate guilty pleas used for enhancement of sentence as a persistent felony offender as unconstitutional under the Due Process Clause of the Fourteenth Amendment. In finding that the rule "easily passes constitutional muster," 506 U.S. at 28, 113 S.Ct. at 522, the Supreme Court stated:
In sum, neither our precedents nor historical or contemporary practice compel the conclusion that Kentucky's burden-shifting rule violates due process, and we cannot say that the rule is fundamentally unfair in its operation. Accordingly, we hold that the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under Boykin. 506 U.S. at 32-36, 113 S.Ct. at 525-526.
Indeed, as stated in Shelton, it was in light of Parke v. Raley that the Louisiana State Supreme Court fashioned the newly modified rule articulated in Shelton for the allocation and burden of proof for predicate guilty pleas used for habitual offender enhancement. Regarding Parke v. Raley, the Shelton court specifically noted:
The Court found no `historical tradition or contemporary practice' which would render Kentucky's shifting burdens fundamentally unfair. Furthermore, such a practice was more than consistent with the approach under federal recidivist statutes where the entire burden of proving the invalidity of a prior conviction based on a guilty plea is placed on the defendant. 621 So.2d at 779.
Accordingly, there is no merit to defendant's arguments that the challenged statutory provisions violate defendant's rights to due process and fair trial under the Louisiana Constitution.
Defendant also argues that the challenged provisions of La.R.S. 15:529.1 violate his privilege against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution, as well as his right to remain silent and rights to due process and a fair trial under Article I, §§ 13 & 16 of the Louisiana Constitution, because the statute contains an internal inconsistency. According to defendant, the alleged inconsistency is that the statute requires that a person charged as a multiple offender be advised of his rights to remain silent and be tried as to the truth of the allegations in the multiple offender bill but then forecloses the person from contesting the validity of the allegations in the multiple offender bill if he exercises his right to remain silent.
In our view, there clearly is no internal inconsistency in La.R.S. 15:529.1. Nor is there any tension between that statute and defendant's Fifth Amendment privilege against self-incrimination or his right to remain silent under Art. I, § 13 of the Louisiana Constitution. It is entirely consistent that a defendant may choose to deny the allegations of a multiple offender bill, remain silent, and then make the further choice of presenting or declining to present affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of a challenged predicate guilty plea. Hence, we conclude that the challenged provisions of La.R.S. 15:529.1 do not violate the Fifth Amendment privilege against self-incrimination, nor the rights to due process or to fair trial under Art. I, §§ 2 & 16, respectively, of the Louisiana Constitution.
*470 Defendant further argues that La. R.S. 15:529.1(D)(1)(b) is unconstitutional insofar as it purports to foreclose both appellate review and review by an application for post-conviction relief absent a detailed written denial of the validity of the predicates charged in a multiple offender bill, which reviews are constitutionally protected under Art. I, §§ 2, 19, 21, 22 & 24 of the Louisiana Constitution. However, to the extent that defendant argues that the statute may operate to foreclose post-conviction relief, his argument will not be addressed by this Court, as this challenge to the statute is being made on appeal, and defendant has not yet been procedurally barred under the provisions of this statute from asserting a challenge to a predicate through an application for post-conviction relief. In reaching this conclusion, we note that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it conceivably may be applied unconstitutionally to others, in situations not before the court. State v. Greco, 583 So.2d 825, 828-829 (La.1991); State v. Gamberella, 633 So.2d 595, 603 (La.App. 1st Cir.1993), writ denied, 94-0200 (La. 6/24/94), 640 So.2d 1341. A party asserting a constitutional challenge must show that a decision on those grounds is necessary to protect his rights. State v. Cryer, 262 La. 575, 263 So.2d 895, 898 (La. 1972), overruled in part on other grounds, State v. Smith, 327 So.2d 355, 358 (La.1975); State v. Bowman, 491 So.2d 1380, 1384 (La. App. 3rd Cir.), writ denied, 498 So.2d 13 (La.1986). Thus, until a challenge to a previous conviction by defendant through an application for post conviction relief is found to be procedurally barred by the challenged statute, he lacks standing to argue the statute would be unconstitutional if applied to third parties in such a hypothetical situation. See State v. Furlow, 460 So.2d 76, 78 (La. App. 1st Cir.1984).
We now focus our attention on the remainder of defendant's argument that is properly before this Court. This portion of his argument appears to be that certain procedures set forth in La.R.S. 15:529.1(D)(1)(a) & (b) are unconstitutional. The procedures defendant appears to allege as unconstitutional are: the provisions of 15:529.1(D)(1)(b) requiring the person claiming a predicate alleged in the multiple offender information was obtained in violation of the Louisiana or United States Constitutions to file a written response and serve a copy of the response on the prosecutor, setting forth with particularity the person's claim and the factual basis therefor in the response; the provision of 15:529.1(D)(1)(b) that any challenge not made before sentence is imposed may not thereafter be raised to attack the sentence (on appeal); and the fifteen day period provided in 15:529.1(D)(1)(a) for filing particular objections in a written response to a multiple offender bill of information, as provided in La.R.S. 15:529.1(D)(1)(b). We find that none of the rights provided in §§ 2, 19, 21 or 24 of Article I of the Louisiana Constitution upon which defendant relies are impaired or violated in any way by these challenged procedures. More specifically, we conclude that the right to judicial review contained in Article I, § 19 which affords to a defendant the right to judicial review based upon a complete record of all evidence upon which the judgment is based, is circumscribed by reasonable procedural formalities and requirements such as those challenged herein. See State v. Marcell, 320 So.2d 195, 198 (La. 1975). See also State v. LeBlanc, 367 So.2d 335, 340 (La.1979); State v. Spain, 329 So.2d 178, 179 (La.1976); State v. Morris, 292 So.2d 215 (La.1974).

ALLEGED INVALIDITY OF 1986 PREDICATE PLEA
Defendant argues that the trial court erred by not suppressing the use of the 1986 California predicate guilty plea. He argues this predicate was invalid as it was obtained from him without him voluntarily, knowingly and intelligently waiving his Boykin rights.
Defendant argues that State Exhibit S-8, the transcript of arraignment for the 1986 California plea, which the trial court ruled admissible actually was inadmissible and should not have been considered by the trial court. In support of his argument, defendant relies on the fact that the only certification appearing on S-8 is that of the court reporter attesting that the transcript is a *471 true and correct transcript. We agree. Absent some additional certification, S-8 does not meet the requirements for authentication and identification. See La.C.E. arts. 902(1), (2) & (4); State v. Langlois, 620 So.2d 1193, 1195-1196 (La.App. 4th Cir.), writ denied, 625 So.2d 1042 (La.1993). See also State v. Camp, 92-1842, p. 15 (La.App. 4th Cir. 7/27/94), 641 So.2d 702, 710, writ denied, 94-2215 (La. 2/17/95), 650 So.2d 250.
Nevertheless, we find no error by the trial court in its use of the 1986 California plea in adjudicating defendant a third felony offender. When defendant denied the allegations of the multiple offender bill, the burden was on the state to prove the existence of the guilty pleas and that defendant was represented by counsel when they were taken. The state met this burden in regard to the challenged plea through the introduction of other properly certified documents pertaining to the plea, viz., State Exhibits S-3 (a copy of the guilty plea rights waiver form), S-4 (court minute entries of the Superior Court of California, County of Los Angeles) and S-9 & S-10 (records of the California Department of Corrections that include copies of the abstract of judgment-commitment form of the Superior Court of California, County of Los Angeles). Interestingly, defendant actually claims S-8 supports his contention that the challenged plea was invalid. However, because S-8 was improperly admitted into evidence, it must be considered as not introduced and cannot be used as support for the claimed invalidity of the plea.
Shelton requires affirmative evidence from the defendant showing an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant could have attempted to meet this burden by introducing a properly certified transcript, testimony regarding the taking of the plea or with other affirmative evidence. However, defendant presented no affirmative evidence. It is in this situation that the presumption of regularity attaching to a final judgment of conviction is intended to operate. Cf. State v. Stewart, 27,049, pp. 6-7 (La.App. 2nd Cir. 5/10/95), 656 So.2d 677, 682, writs denied, 95-1764 & 95-1768 (La. 12/8/95), 664 So.2d 420.
These assignments lack merit.

ASSIGNMENT OF ERROR NO. TWO
In this assignment, defendant contends that the trial court erred by failing to quash the multiple offender proceeding based on the failure of the state to comply with the Louisiana Sentencing Guidelines[2] prior to instituting the multiple offender proceeding. Relying on the provisions of section 309(A) of the Guidelines, defendant argues that the district attorney's discretion to institute habitual offender proceedings is limited by section 309(A). Defendant submits that there is no indication in the record that the district attorney made findings required by section 309(A) or even considered the provisions of section 309(A) before instituting the instant proceeding. Defendant asserts that the case should be remanded and the district attorney should be required to state that he has exercised his discretion in accordance with section 309(A).
Section 309(A) of the Felony Sentencing Guidelines provides as follows:
The guidelines increase the designated sentence range for an offender on the basis of the offender's prior criminal convictions, custody status, and the "crime family" of the current and prior convictions. In those cases in which the district attorney determines that the offender's pattern of past criminal conduct has been significantly more extensive than the typical offender with the same criminal history index, the district attorney may institute proceedings under R.S. 15:529.1, the Habitual Offender Law.
Very similar arguments were made by another defendant and rejected by this Court in State v. Young, 623 So.2d 47, 50 (La.App. 1st Cir.), writ denied, 626 So.2d 1179 (La. 1993). As we stated in Young, to the extent section 309(A) attempts to limit a district attorney's discretion to charge a subject as a habitual offender, the guideline exceeds the *472 authorization delegated to the Louisiana Sentencing Commission by the legislature.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. THREE:
In this assignment, defendant argues the trial court erred by failing to inform defendant of the allegations stated in the multiple offender bill and his rights pertaining to the multiple offender proceeding.
This court has held that, before a defendant pleads guilty or stipulates to the charges in an habitual offender bill of information, the trial court must advise the defendant of the specific allegations contained in the habitual offender bill of information, his right to be tried as to the truth thereof, and his right to remain silent. See La.R.S. 15:529.1(D)(1)(a); State v. Griffin, 525 So.2d 705, 706 (La.App. 1st Cir.1988). Otherwise, such failure on the part of the trial court constitutes reversible patent error requiring that the habitual offender adjudication and sentence be vacated. State v. Griffin, 525 So.2d at 707. However, in the instant case, while the defendant may not have been advised of the specific allegations in the habitual offender bill of information, his right to be tried as to the truth thereof, or his right to remain silent, any such error was harmless, because the defendant did not plead guilty or stipulate to the charges in the habitual offender bill (except insofar as he stipulated to his identity). Instead, a habitual offender hearing was conducted, wherein the state actually proved the truth of the allegations. Therefore, while the trial court may not have fully complied with La.R.S. 15:529.1(D)(1)(a), by failing to inform the defendant of the specific allegations in the habitual offender bill, his right to be tried as to the truth thereof and his right to remain silent, under the circumstances present herein, we find that any such error is harmless. See State v. Mickey, 604 So.2d 675, 678 (La.App. 1st Cir. 1992), writ denied, 610 So.2d 795 (La.1993); State v. Washington, 563 So.2d 530, 533 (La.App. 5th Cir.1990).
This assignment lacks merit.

ALLEGED PATENT ERRORS
In his brief, defendant requests that we review the record for errors patent. Specifically, defendant notes as error that the trial court failed to give him credit for time served and failed to inform him of the prescriptive period for applying for post-conviction relief as required by La.C.Cr.P. art. 930.8(C). Defendant notes that resentencing is not required in either case and requests that he be given credit for time served and that the trial court be ordered to give him written notice of the prescriptive period.
The record reflects that the instant offense was committed by defendant while he was incarcerated in the St. Tammany Parish Jail. Defendant is entitled to credit for time served against the sentence for the instant offense if the time he served before the imposition of this sentence has not been credited against any other sentence. See State v. Goodjoint, 26,246 (La.App. 2nd Cir. 8/17/94), 641 So.2d 730, 731. Although the court minutes indicate defendant was given credit for time served, the transcript shows the trial court did not credit defendant with time served. Accordingly, we amend the sentence to reflect that defendant is to be given credit for time served, if any, that has not been credited against any other sentence. Resentencing is not required. However, we remand the case and order the trial court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be so credited.
La.C.Cr.P. art. 930.8(C) provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. A failure to do so on the part of the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. The trial court is hereby directed to give defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of rendition of this opinion and to file written proof in the record of the proceedings that defendant received the notice. State v. Morgan, 93-2365 (La.App. 1st Cir. 12/22/94), 648 So.2d 1063, 1066, writ denied, 95-0207 (La. 6/2/95), 654 So.2d 1104.
*473 CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Defendant correctly notes that, under the facts of his case, the applicable law in La.R.S. 15:529.1(A)(2) (prior to amendments by 1994 La. Acts, 3rd Ex.Sess., No. 144, § 1 and 1995 La. Acts, No. 1245, § 1) did not provide that his habitual felony offender sentence was to be imposed without eligibility for parole. Although defendant does not note it, La.R.S. 14:51, the aggravated arson statute, did provide that two years of the imprisonment for aggravated arson was required to be without benefit of parole, probation, or suspension of sentence. In any event, defendant concedes that any error in denying him eligibility for parole is harmless. This concession is correct, notwithstanding the fact that the habitual offender statute did not provide for ineligibility of parole under the facts of defendant's case and the aggravated arson statute provided for ineligibility of parole for only two years, since as a third or subsequent felony offender defendant was ineligible for parole under the provisions of La.R.S. 15:574.4(A)(1). See State v. Howard, 93-1253 & 93-1254 (La.App. 1st Cir. 4/8/94); 635 So.2d 752, 753 n. 1. See also State v. Fleming, 593 So.2d 1298, 1301 (La.App. 1st Cir.1991).
[2] See 1995 La. Acts, No. 942, which repealed the statutory authorization for the guidelines, the requirement that a trial court consider the guidelines and other provisions pertaining to the guidelines. Act 942 took effect on August 15, 1995, after defendant was sentenced.