ALFORD, Judge.
Glenn Abbott was charged by bill of information with possession of phencyclidine in violation of La.R.S. 40:964, Schedule 1(D)(2), and 40:966(C). After initially entering a plea of not guilty, he later withdrew that plea and entered a plea of guilty. Defendant was subsequently sentenced to serve three years imprisonment at hard labor.[1]
In bringing this appeal, defendant urges that the sentence imposed was excessive. He further argues that the trial court failed to comply with the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1.
On October 22, 1983, the date of the instant offense, Baton Rouge City Police Officer Jude Boudreaux was driving his police unit in a westerly direction on North Street when he observed a pickup truck stopped on 39th Street at a traffic signal. Defendant was standing on the passenger side of the pickup, leaning against the truck’s door and talking to two individuals inside the truck. Officer Boudreaux, from a distance of approximately fifteen feet, saw the outline of a pistol and approximately one inch of the handle protruding from defendant’s rear pants pocket. As Boudreaux drove past, defendant stood straight up, resulting in complete concealment of the gun. Boudreaux pulled his police unit over, and another police unit behind him did likewise. Boudreaux then approached defendant who removed the gun from his pocket and placed it inside the truck. Defendant turned around and attempted to obtain his identification, at which time Boudreaux observed a clear cellophane bag of green leafy material protruding from defendant’s shirt pocket. Boudreaux suspected the bag contained marijuana, removed it, and placed defendant under arrest. For safety reasons, Bou-dreaux also removed the passenger from *1066 the truck since he knew a weapon had been placed inside the truck. The weapon itself was also removed. Along with money and a checkbook, a “little wallet” was removed from defendant’s person. The “little wallet” contained a small hand scale and a small, clear, plastic triangle of white powder. The suspected marijuana and the white powder were sent to the Louisiana State Police Crime Lab for analysis.
A majority of the Louisiana Supreme Court has held that Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Morgan, 472 So.2d 934 (La.App. 1st Cir.1985). The trial judge is given wide discretion in the imposition of sentence within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981). The Code of Criminal Procedure sets forth the items which must be considered by the trial judge before passing sentence. La.C.Cr.P. art. 894.1. The trial judge need not recite the entire checklist of article 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). The judge must, in effect, justify his sentence with factual reasons. Davis, 448 So.2d at 653. Even in the absence of adequate compliance with the mandate of article 894.1, it is not necessary for this court to remand the matter for resentencing in compliance with the article when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed. Davis, 448 So.2d at 653.
Possession of phencyclidine is punishable by imprisonment at hard labor for not more than ten years and a possible fine of not more than five thousand dollars. La.R.S. 40:966(C)(2). Herein, defendant was sentenced to a term of three years imprisonment at hard labor, a sentence at the lower end of the sentencing range; and no fine was imposed.
A review of the record in this case reveals that the trial court ordered a presen-tence investigation report. In sentencing defendant the trial court stated:
Mr. Abbott, you’ve spent virtually half of your life messing around with drugs. In October of ’78, you were arrested for distribution of marijuana as a juvenile. In December of ’78, you were arrested for possession of marijuana. In January of ’79, distribution of marijuana. November of ’79, distribution of marijuana. You finally were committed to LTI. As an adult you’ve been charged with attempted forcible rape. You were convicted of simple battery and your probation was terminated unsatisfactory (sic). You attended an alcohol rehabilitation program and completed it and yet you reverted back to drugs again. It is obvious to me that a slap on the hand is not going to serve any purpose with you. Regardless of your personal feelings about these particular narcotics, they are against the law, and they’re against the law for good reason. * * * I think, considering your track record and the fact that this is a case that you’re eligible for probation on — I mean parole — excuse me — I think I’m being quite lenient. I hope that when you get out you’ll still be a young man. You could have gotten up to twenty-five years — twenty years incidentally. Maybe you’ll learn to stay away from this garbage.
Defendant then requested and received permission to address the court. He contended that as an adult he had never been placed on probation. In response, the court stated that the presentence investigation report indicated to the contrary. The court opined that, in any event, its sentence would be the same, because its decision was not based on “any one of those things. It’s a trend that shows up.”
Following our careful review of the record, we are convinced that the instant sentence is not apparently severe in rela *1067 tion to defendant or the offense committed. The sentence is clearly within the permissible limits of discretion of the trial court and is, therefore, not excessive.
These assignments are without merit.
AFFIRMED.

. At the sentencing hearing pertaining to the instant case, defendant was also sentenced to three years imprisonment at hard labor in a separate case, for possession of cocaine. The sentence in the instant case was made to run concurrently to that for possession of cocaine from which defendant has also entered an appeal, appearing under docket number KA 85-1549 of this Court.