504 So.2d 920 (1987)
STATE of Louisiana
v.
Jeffery JONES.
No. KA 86 0960.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
*921 James R. McClelland, Bernard E. Boudreaux, Jr., Franklin, for State.
Paul J. deMahy, Chief Indigent Defender, Franklin, for defendant/appellant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
GROVER L. COVINGTON, Chief Judge.
Jeffery Jones was charged by bill of information with simple burglary, a violation of La.R.S. 14:62, and convicted as charged, after a jury trial. The state then filed a bill of information, under La.R.S. 15:529.1, charging defendant as a multiple offender. At a hearing on this bill, defendant admitted that he had been convicted as charged. The court sentenced him as a multiple offender, imposing a sentence of ten years at hard labor and a fine of $100.00. He appealed, urging that the trial court erred:
1. By improperly using the fact that defendant exercised his right to a jury trial as a factor in determining the sentence;
2. By imposing an excessive sentence.
Defendant was charged with the simple burglary of a family-owned grocery store in Patterson, St. Mary Parish, Louisiana. Police officers responded to a silent alarm at approximately 1:00 a.m., on the 26th day of October, 1985, and found that the front door of the store, had been smashed open. The police notified the store owners, who came promptly to the store. Accompanied by the store owners, the police officers conducted a search of the store, but were unable to find the subject or anything out of place. One of the officers remained at the store to assist the owners in securing the front entrance. While this was being accomplished, the defendant was discovered hiding behind a piece of plywood stored above a large freezer. Another search of the premises revealed a box of meat, still cool, near an inside door. Thereupon, the defendant was arrested for simple burglary of the grocery store.
Defendant briefed his assignments of error in one argument.[1] Finding merit to his second assignment of error, we pretermit discussion of his claim that the court improperly considered the exercise of his right to a jury trial, vacate the multiple offender adjudication and remand this matter for further hearing on that bill of information.
The transcript of the sentencing hearing reflects that the state advised the court that defendant chose to admit that he had been previously convicted. After the bill of information was read, defendant admitted to a conviction of simple burglary in June of 1984, for which he had received a suspended sentence of three years. Thereupon, the court advised him of the penalty ranges authorized by the habitual offender law before imposing the sentence of ten years at hard labor.
Defendant argues that the court erred in sentencing him under the provisions of La. R.S. 15:529.1, because the court failed to notify him of his right to remain silent and require the state to affirmatively prove that he was the same person who had previously been convicted of simple burglary. Thus, he contends his adjudication as a multiple offender is invalid.
La.R.S. 15:529.1 provides in pertinent part as follows:

*922 D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. (Emphasis added.)
Under the statute, before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, he must first be cautioned by the trial court as to his rights. La.R.S. 15:529.1(D); State v. Johnson, 432 So.2d 815 (La.1983). Specifically, defendant must be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Johnson, supra at 817. Further, this section implicitly provides that the defendant should be advised by the court of his statutory right to remain silent. State v. Johnson, supra at 817.
Although the record reflects that the trial court advised the defendant of the applicable sentencing range and the provisions under which he was to be sentenced, it does not show that the court notified defendant of his right to remain silent and of the requisite that the state prove the allegations of the multiple offender bill. The language of the Habitual Offender Law must be strictly construed. State v. Simmons, 422 So.2d 138 (La.1982). Therefore, because the record does not reflect that the trial court advised defendant of his right to be tried as to the truth of the allegations contained in the multiple offender bill, his sentence must be set aside and the matter remanded for further hearing, with specific instruction to the trial court to comply with the provisions of La.R.S. 15:529.1(D). State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), writ denied, 472 So.2d 913 (La.1985); State v. Walker, 432 So.2d 1057 (La.App. 3rd Cir.1983).
For the foregoing reasons, the sentence is vacated. The case is remanded to the trial court for further hearing on the multiple offender bill and for resentencing in proceedings consistent with this opinion.
SENTENCE VACATED; REMANDED.
NOTES
[1] The assignment of error set forth by defendant is that the trial court erred in imposing an unconstitutionally excessive sentence. In his brief, he lists five "Issues Presented for Review":

1. Should the trial court show affirmatively that defendant has been advised in open court of his right to be tried according to law as to the truth of the allegation contained in the petition?
2. Should the sentencing court give clear reasons for sentencing under La.C.Cr.P. art. 894.1?
3. Does the consideration by the trial court of the fact that defendant exercised his right to trial by jury constitute an abuse of discretion?
4. Is a sentence illegal and excessive where a defendant is sentenced for the conviction and given a second sentence under the enhancement statute?
5. Does the sentencing court have the discretion to sentence a defendant to a sentence consecutive to one which he must serve when probation is revoked?