525 So.2d 705 (1988)
STATE of Louisiana
v.
Emmanuel GRIFFIN.
Nos. 87 KA 0916, 87 KA 0917, and 87 KA 1576 to 87 KA 1579.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*706 Bryan Bush, Dist. Atty., Baton Rouge by Richard Sherburne, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
Emmanuel Griffin was separately charged with simple burglary in violation of La.R.S. 14:62, and with possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1. In return for an agreement to receive concurrent terms of ten years at hard labor and to stipulate to the provisions of a multiple offender charge, defendant pled guilty to each offense. Thereafter, the state filed two separate bills of information, charging that defendant was a second felony offender, as provided by La.R.S. 15:529.1. After a hearing, the trial court found that defendant was a habitual offender and sentenced him accordingly. For the conviction of simple burglary, the trial court imposed a sentence of ten years at hard labor. For the conviction of the possession of a firearm by a convicted felon, the trial court imposed a sentence of ten years, without benefit of probation, parole or suspension of sentence. The trial court ordered that the terms be served concurrently. Defendant appealed, urging as his only assignment of error that the sentences imposed are excessive.

FACTS
Defendant was charged with the burglary of a pawn shop in East Baton Rouge Parish. During the Boykin examination, defendant admitted that he had committed the burglary and that, in the course of the burglary, he stole a firearm from the pawn shop. Defendant further admitted that he had been convicted of simple burglary within the ten years preceding the instant offenses.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court failed to provide a sufficient factual basis for the imposition of its sentences. He argues that the court could not dispense with the requirements of La.C.Cr.P. art. 894.1, which provides that the trial court must provide a factual basis for the sentence, simply because of the multiple offender adjudication.
However, this Court has discovered error patent on the face of the proceedings which requires us to vacate the rulings adjudicating defendant to be a habitual offender and the sentences imposed accordingly. See La.C.Cr.P. art. 920. Therefore, we pretermit a discussion of defendant's claim of excessive sentence because these matters must be remanded for resentencing.
La.R.S. 15:529.1(D) provides that, upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." State v. Martin, 427 So.2d 1182 (La.1983). La.R.S. 15:529.1 further implicitly provides that the defendant should be advised by the court of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983).
The transcript of the proceedings reflects that defendant agreed to stipulate to the provisions of the multiple offender bills as a part of an agreement that he would receive concurrent terms of ten years at hard labor.[1] At the hearing on the *707 multiple offender bills, the state, defense counsel, and defendant all agreed on the record that the multiple offender charges were correct.[2] However, the trial court did not advise defendant of the specific allegations contained in the multiple offender bills of information, his right to be tried as to the truth of the allegations, and his right to remain silent, before obtaining his stipulation to the provisions thereto. These failures of the trial court constitute error patent on the face of the record and require that the habitual offender sentences adjudications and sentences be vacated. State v. Burge, 506 So.2d 759 (La.App.lst Cir.1987); State v. Jones, 504 So.2d 920 (La.App.lst Cir.1987).
Moreover, in the event that the state chooses to pursue the multiple offender adjudications, we note that the penalty imposed upon defendant for the conviction of the possession of a firearm by a convicted felon is not subject to enhancement. The penalty provisions enacted in La.R.S. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant's previous felony conviction. The legislature gave no indication that the multiplebilling procedure was to remain available as a vehicle for further enlargement of the penalty. State v. Sanders, 337 So.2d 1131 (La. 1976). Since defendant's status as a prior felon subjected him to an enhanced penalty under La.R.S. 14:95.1, his sentence could not be further enlarged by application of La.R.S. 15:529.1. State v. Holland, 356 So.2d 427 (La.1978); State v. Sanders, supra.
For the above reasons, we vacate the rulings adjudicating defendant to be a multiple offender and the sentences imposed accordingly, and we remand for further proceedings in accordance with the views expressed herein.
MULTIPLE OFFENDER ADJUDICTIONS VACATED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The transcript of the Boykin examination refleets that defendant entered the pleas of guilty and agreed to stipulate to the provisions of the habitual offender charges in return for specific concurrent sentences of ten years at hard labor. He further agreed that the sentence for the conviction of possession of a firearm by a convicted felon was to be served without benefit of probation, parole, or suspension of sentence. When a defendant has entered into a plea bargain agreement which includes the sentence to be imposed, he is precluded from challenging the sentence for excessiveness. State v. Jones, 484 Sb.2d 933 (La.App.lst Cir.1986); State v. Cotton, 471 So.2d 1017 (La.App.lst Cir.1985).

Moreover, even in the absence of adequate compliance with the mandate of La.C.Cr.P. art. 894.1, it is not necessary for this Court to remand the matter for resentencing in compliance with the article when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed. State v. Davis, 448 So.2d 645 (La.1984); State v. Abbott, 489 So.2d 1064 (La.App.lst Cir.1986). Having been adjudicated a habitual offender, defendant could have been sentenced to serve up to twenty-four years at hard labor for the conviction of simple burglary, in addition to the sentence to be imposed for the possession of a firearm. Thus, the sentences imposed are not apparently severe in relation to this offender or this offense; defendant's assignment of error has no merit.
[2] We note, as well, that the state introduced two exhibits during the multiple offender hearing which consisted of defendant's "pen pack" (including his fingerprints), and a copy of his "rap sheet." In State v. Johnson, supra, the Court noted that the adjudication was invalid because the Court failed to advise the defendant of his rights with regard thereto and there was no admissible evidence offered by the state to prove that the defendant was the same person who had been previously convicted. 432 So.2d at 817. Herein, the defendant specifically waived any objection that he might have to the introduction of his prison record and rap sheet. However, the state specifically remarked that the pen pack did not include a photograph of defendant, as required by La.R.S. 15:529.1(F). There was no evidence introduced to prove that the record of the fingerprints contained in the pen pack were those of defendant. We conclude, therefore, that the state failed to prove that defendant was a second felony offender, despite the introduction of the state's exhibits during the proceeding.