740 So.2d 758 (1999)
STATE of Louisiana
v.
Michael FOX.
No. 98 KA 1547.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
*759 Scott M. Perrilloux, District Attorney, Zata W. Ard, Morgan Griggs, Assistant District Attorneys, Amite, Counsel for AppelleeState of Louisiana.
Katherine M. Franks, Baton Rouge, Counsel for Defendant-AppellantMichael Fox.
Before: FITZSIMMONS, GUIDRY and PETTIGREW, JJ.
FITZSIMMONS, J.
The defendant, Michael E. Fox, was charged by grand jury indictment with two counts of aggravated rape, violations of La. R.S. 14:42. He initially pled not guilty and not guilty by reason of insanity. Following a sanity hearing, he was found incompetent to stand trial and was transferred to the East Feliciana Forensic Unit. Approximately a year and a half later, he was found "capable." Thereafter, he changed his plea to "not guilty as charged." Following a jury trial, on count I, he was found guilty of attempted aggravated rape, a violation of La. R.S. 14:27 and La. R.S. 14:42, and on count II, he was found not guilty. He was sentenced to fifty years at hard labor on count I.
Subsequently, the State charged the defendant as an habitual offender in regard to count I. The defendant appeared with counsel at the hearing on the charge. The court advised the defendant of the habitual offender charge against him and asked for his plea. The defendant admitted that he had a prior conviction. Defense counsel stated for the record that the defendant was acting against the advice of counsel. The court again asked the defendant for his plea, and he admitted his guilt to the charge. The court advised the defendant that the issue before the court at an habitual offender hearing would address his status as a second offender in light of his admission. In this regard, the defendant was advised that if he was found to be a second felony habitual offender, the court would reconsider his sentencing. The court stated that the question in its mind was whether the defendant was entering his admission to the charge voluntarily and without coercion or threat. The defendant responded, "Yes, Sir." The court stated to the defendant that the defendant had consulted counsel, and counsel had indicated that his advice was to demand a hearing on the charge and that the defendant should deny the allegation of habitual offender status. In response to the court's questions of whether the defendant understood that scenario to be the facts, the defendant responded, "Yes, Sir." The court thereupon asked the defendant whether he understood that he was entering his admission against the advise of counsel. The defendant answered, "Yes, Sir."
The court ruled that the defendant's admission was voluntarily and knowingly made with full understanding of the consequences of such admission. It then advised the defendant that the issue at the habitual offender hearing would be whether or not he was, in fact, a prior convicted felon in the state of Oregon. The court accepted the admission, dispensed with the necessity of a contradictory hearing, adjudged the defendant a second felony offender, set aside the prior imposed sentence, and re-sentenced the defendant to 100 years at hard labor without benefit of probation or suspension of sentence. The defendant files the instant appeal, designating four assignments of error.

ASSIGNMENTS OF ERROR
In assignment of error number 1, the defendant contends the sentence imposed upon him is constitutionally excessive. In assignment of error number 2, the defendant contends the trial judge erred in allowing *760 him to enter a stipulation to the multiple offender bill of information without conducting a "Faretta" hearing[1] to determine if he was capable of representing himself and without ordering, prior to the acceptance of the stipulation, a supplemental psychiatric evaluation in light of previous evaluations which had characterized the defendant as self-destructive. In assignment of error number 3, the defendant contends, if he was in fact "represented" by counsel at the habitual offender proceeding, that counsel was ineffective: in failing to advise him of the defenses available to the charge; in failing to respond to the multiple offender bill of information in light of deficient exhibits; in failing to request a recess to be able to discuss the matter fully with him; in failing to request that a sanity commission be invoked to determine whether or not he was rationally capable of making the decision to enter the stipulation over the advice of counsel; in failing to object to the sentence imposed; in failing to file for reconsideration of sentence to protect the issue for appellate review; and in failing to request or perfect the appeal. In assignment of error number 4, the defendant contends there was patent error, in that the trial judge never advised him of his right to remain silent prior to eliciting an admission to the multiple offender bill of information.

ADVICE OF RIGHTS
Louisiana revised statute 15:529.1, in pertinent part provides:
D (1)(a) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state ... or has been convicted under the laws of any other state ... of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction .... Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.

* * * * * *
(3) ... [I]f he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted ... the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. (Emphasis added.)
The language of the Habitual Offender Law must be strictly construed. State v. Jones, 504 So.2d 920, 922 (La.App. 1st Cir.1987). In this regard, an implicit, and integral, aspect of the requirements of La. R.S. 15:529.1 is the court's duty to inform the defendant of his right to remain silent. State v. Griffin, 525 So.2d 705, 706 (La.App. 1st Cir.1988). A trial court's failure to properly advise a defendant of his rights under the Habitual Offender Law constitutes patent error on the face of the record and requires that the habitual offender adjudication and sentence be vacated. See Griffin, 525 So.2d at 707.
In the instant case, the trial court never advised the defendant of his right to remain silent. It failed to properly, and timely, advise the defendant "of his right to be tried as to the truth" of the State's allegations in the habitual offender information according to law. Accordingly, the *761 defendant's habitual offender adjudication and sentence are vacated. This matter is remanded for further proceedings in accordance with the views expressed herein.
Our resolution of the instant assignment of error causes us to pretermit discussion of the defendant's remaining assignments of error because they concern matters that may not reoccur after remand of this matter.
CONVICTION ON COUNT I AFFIRMED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED.
NOTES
[1] See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).