769 So.2d 12 (2000)
STATE of Louisiana
v.
Earl Blake YOUNG.
No. 99 KA 1310.
Court of Appeal of Louisiana, First Circuit.
April 17, 2000.
Richard Ward, District Attorney, New Roads, for State of Louisiana.
C. Jerome D'Aquila, New Roads, for Defendant/Appellant Earl Blake Young.
BEFORE: FOIL, WHIPPLE, and GUIDRY, JJ.
FOIL, J.
Defendant, Earl Blake Young, was convicted of attempted simple robbery, a violation of La. R.S. 14:27 and La. R.S. 14:65, and second degree battery, a violation of La. R.S. 14:34.1. After defendant's sentencing, *13 the state filed a habitual offender bill of information charging defendant as a fourth felony habitual offender. After a hearing, the trial court adjudicated defendant as a third felony habitual offender. The trial court vacated defendant's original sentences and resentenced him to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. He appealed, urging two counseled assignments of error. Defendant also filed a pro se brief urging one assignment of error. The facts of the offense have been related in the companion case of State v. Young, 99 KA 1309 (La.App. 1 Cir.4/17/00), 769 So.2d 6, also decided this date, and will not be repeated herein.
In assignment of error number one, defendant argues that the trial court, on its own, improperly ordered and considered transcripts of two prior pleas that serve as predicates for the habitual offender bill. The state argues that La.Code of Evid. art. 611 implicitly provides the authority for the trial court to introduce evidence.
Although defendant failed to timely file a written response setting forth particularized objections to any of the predicates alleged in the habitual offender bill within the fifteen-day period allowed for filing such objections under La. R.S. 15:529.1(D)(1)(a) & (b), we conclude this failure does not preclude appellate review of the arguments he now makes challenging the sufficiency of the state's proof as to the 1986 and 1992 convictions. Accordingly, we now address those arguments.
The habitual offender bill alleges the following three predicate felony convictions in the Eighteenth Judicial District: (1) an April, 1984, guilty plea to burglary under docket number 29,392, (2) a September, 1986, guilty plea to simple burglary under docket number 43,873, and (3) a May, 1992, guilty plea to simple robbery under docket number 56,572. At the hearing, the state introduced the bill of information and a general minute entry of defendant's plea for each predicate conviction. The minute entry for the 1986 guilty plea states, in pertinent part:
The defendant was present in court with counsel, Jack Bride. Defendant pled guilty to one count of simple burglary. (Another charge of simple burglary that is pending was dropped by the District Attorney) The Court sentenced the defendant to five years with the Department of Corrections of the State of Louisiana with credit for time served.
The minute entry for the 1992 guilty plea states, in pertinent part:
The defendant, assisted by Thomas A. Nelson, Public Defender, advised the court that he/she wished to change his/ her former plea of not guilty to a plea of guilty to the charge. The court, before accepting the defendant's plea, advised him/her of his/her rights and the nature of these proceedings. The court, then being satisfied that the plea of guilty was entered freely and voluntarily and with full knowledge of his/her rights, accepted the defendant's plea of guilty and sentenced him to serve 7 years with the Department of Corrections; credit for all time served. This is a result of a Plea Bargain.
After taking the matter under advisement, the trial court ruled that the 1984 conviction could not be used as a predicate because of the application of the cleansing period. The court then noted that it ordered, on its own authority, the Boykin transcripts of the 1986 and 1992 guilty pleas, and that it was taking judicial notice of those court records. After reviewing both these transcripts, the court concluded that there was sufficient advice and waiver of defendant's constitutional rights that these pleas could be used as predicates, and that defendant was a third felony habitual offender. The court introduced the Boykin transcripts of the predicate guilty pleas as Court Exhibits 1 and 2. Defense counsel objected to the introduction of these transcripts.
*14 We find that the trial court had no authority to present evidence pertaining to the habitual offender proceeding. First, we note that La. R.S. 15:529.1(D)(1)(b) specifically provides that the state has the burden of proof in a habitual offender proceeding. The pertinent part of that statute states, "the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact." (Emphasis added.) As stated by the Supreme Court in State v. Shelton, 621 So.2d 769 (La.1993):
We have consistently held that in order to enhance a sentence with a prior guilty plea, the State bears the burden of proving the guilty plea was constitutionally taken, and, to meet its burden, the State must introduce a contemporaneous record of a Boykin examination which demonstrates the guilty plea was free and voluntary and which includes a waiver of the three constitutional rights specified in Boykin.

Id. at 774. The court further stated:
We note here that our retention of the three-right articulation rule is not at issue in this case. The plea of guilty form specifically articulates the three Boykin rights. Thus, although we must herein determine whether the form plus the general minute entry are sufficient to meet the state's burden of proof, we need not today decide whether the state's burden, if any, should continue to include proof that the three rights were articulately waived.
Id. at 776 n. 17.
We disagree with the state that the trial court has the authority under La. Code Evid. art. 611 to present evidence. We note that Article 611 is entitled "Mode and Order of Interrogation and Presentation" and is found in the Chapter entitled "Witnesses." From a simple reading of Article 611(A), it is obvious that this article is referring to the court's authority to exercise control over the manner in which the parties examine witnesses and present evidence. This article does not provide authority for the trial court to assume the role of the prosecutor or defendant and introduce evidence.
Additionally, because the referenced transcripts were of prior and different court proceedings, the trial court lacked authority to take judicial notice of those records. See State v. Augillard, 371 So.2d 798, 799 (La.1979); State v. Gordon, 582 So.2d 285, 293-294 n. 2 (La.App. 1st Cir.1991).
Since the trial court lacked authority to present evidence (transcripts) and take judicial notice of the 1986 and 1992 guilty pleas, the state failed to prove the proper advice and waiver of defendant's constitutional rights. Accordingly, we must reverse defendant's third felony habitual offender adjudication, vacate his sentence and remand this matter for resentencing in further proceedings. Defendant is not protected by principles of double jeopardy from being tried again under the Habitual Offender Law. See State v. Picot, 98-2194, pp. 2-3 (La.App. 4 Cir. 11/10/98), 724 So.2d 236, 237-238.
We also note that defendant is correct in his argument[1] that the habitual offender sentence was improperly imposed on both convictions. If the state again elects to institute habitual offender proceedings in this matter, it must specifically state in the habitual offender information upon which conviction penalty enhancement is sought. If defendant is then adjudicated an habitual offender, the trial court shall impose an enhanced sentence on the conviction so designated.
For the reasons assigned, defendant's third felony habitual offender adjudication is reversed, his sentence is vacated, and *15 the case is remanded to the trial court for resentencing in proceedings not inconsistent with this opinion.[2]
HABITUAL OFFENDER ADJUDICATION REVERSED, SENTENCE VACATED, AND REMANDED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
For the reasons I assigned in my dissent in the companion case of State v. Young, 99 KA 1309, (also decided this date), I believe that the defendant's conviction and sentence should have been set aside for attempted simple robbery in Count 1 and that his conviction should have been reversed and modified in Count 2 to simple battery (a misdemeanor). Therefore, because a habitual offender adjudication is only applicable to felony convictions, I would reverse the felony habitual offender adjudication herein and vacate the sentence on those grounds. However, I do agree with the majority that the trial court lacked proper authority to present evidence pertaining to the habitual offender proceeding and that it further lacked authority to take judicial notice of the 1986 and 1992 guilty pleas. Additionally, I agree with the majority that the habitual offender sentence was improperly imposed on both convictions.
I respectfully dissent.
NOTES
[1] Defendant presents this argument in his pro se brief that challenges his habitual offender adjudication and sentence, which he mistakenly filed in the companion case under docket number 99 KA 1309.
[2] In light of the fact that we reverse defendant's habitual offender adjudication, vacate his sentence, and remand for resentencing, we pretermit the excessive sentence issue presented in assignment of error number two.