1 .FITZSIMMONS, Judge.
Defendant, Michael Tyrone, was charged by bill of information with aggravated battery, a violation of La. R.S. 14:34. He initially pled not guilty. Subsequently, pursuant to a plea agreement, defendant withdrew his not guilty plea and pled guilty as charged. The trial court sentenced defendant, as part of the plea agreement, to ten years at hard labor. The trial court also confirmed that, as part of the agreement, defendant’s sentence would not exceed ten years if defendant were adjudicated an habitual offender. Later, the state filed a habitual offender bill charging that defendant was a fourth felony habitual offender.
On February 23, 1994,[1] defendant was arraigned on the habitual offender bill. The transcript indicates that the judge advised defendant the burden of proof was on the state to prove, by evidence, that defendant was a habitual offender and to prove defendant was the same person charged in the bill. The judge also advised defendant that he had the right to remain silent in the proceedings and asked defendant’s attorney if she had also advised defendant. Defense counsel answered affirmatively. The judge then advised defendant of the charge in the bill and asked if defendant admitted that he was the same person who was convicted of the prior offenses. Defense counsel intervened and stated that she was advising defendant to remain silent. The judge then set the matter for a hearing.
On May 4, 1994, defendant, who was represented by counsel, appeared in court. Legal counsel for defendant apprised the court that defendant was prepared to admit the predicate convictions in the habitual offender bill. After defendant acknowl *447 edged his counsel’s remarks with “yes, sir[,]” the judge referred to the plea agreement and re-sentenced defendant, as a habitual offender, to ten years at hard labor.
Subsequently, on January 24, 1997, defendant filed a motion entitled “Application For Writ of Certiorari and Prohibition; Motion To Correct Illegal Sentence” in the district court, alleging that, because the trial court failed to properly advise him of his rights at the time of the multiple offender adjudication, his sentence should be vacated. The trial judge denied “Defendant’s application for post-conviction relief’ and “Motion to correct |3and (sic) allegedly illegal sentence,” which raised the issue of whether defendant was properly advised of his rights at the hearing. The minute entry of August 16, 1999 indicates that, pursuant to defendant’s written “motion to correct sentence,” the trial court vacated the original sentence imposed on December 1, 1993, and “again pronounced” the same sentence. Later, defendant was granted an out-of-time appeal.

HABITUAL OFFENDER

In assignment of error number one, defendant contends that the trial court failed to inform him of the allegations of the habitual offender bill, his right to a hearing, and his right to remain silent, as required in La. R.S. 15:529.1. The state argues defendant was properly advised of the requirements. It contends that the hearing on May 4, 1994, when defendant pled guilty to the habitual offender bill, was a continuation of the February 23, 1994 proceeding, when the trial court advised defendant of the allegations, the right to a formal hearing and the right to remain silent.
At the time of the offense in 1993, Louisiana Revised Statute 15:529.1, in pertinent part provided:
D. (1) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony. . .the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information.
❖ * * * *
(3) When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. (Emphasis added.)
Prior to accepting defendant’s acknowledgment, confession or guilty plea to the allegations of the habitual offender bill, La. R.S. 15:529.1 provides that the trial *448 court must advise the defendant of the right to remain silent and of the right to a formal hearing |4wherein the state would have to prove the allegations of the habitual offender bill. See State v. Brawn, 95-0755, pp. 18-19 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057, 1069-1070; State v. Griffin, 525 So.2d 705, 706 (La.App. 1st Cir. 1988). Furthermore, the language of the Habitual Offender Law must be strictly-construed. State v. Jones, 504 So.2d 920, 922 (La.App. 1st Cir.1987).
Herein, the record reflects that defendant was initially advised of his rights at the time of the arraignment on the habitual offender bill. On the advice of counsel to remain silent, defendant indicated no response relative to the court’s communication to him of his right to a formal hearing. A hiatus of several months occurred. Thereafter, counsel for defendant advised the court that defendant wished to plead guilty to the habitual offender bill. At no time during that court appearance was defendant advised of his rights, prior to admitting to the allegations in the habitual offender bill.
Louisiana Revised Statute 15:529.1D has been strictly construed. See State v. Simmons, 422 So.2d 138, 147 (La. 1982). The underlying purpose of the court’s duty to initiate a personal colloquy with the defendant, in which the court verbally reviews statutorily specified legal rights and options available to defendant, serves to insure that defendant makes an informed plea. In the instant matter, the fact that the court’s verbalization of defendant’s rights and defendant’s plea occurred at two completely different hearings, stretches the statutory directive to the point that it fails to satisfy the requirement that the defendant’s acknowledgment or confession shall occur “in open court, after being duly cautioned as to his rights[J” La. R.S. 15:529.1D(3). The disjunctive impartation of the statutorily required rights by the court in this case blurs the concept of direct interaction between the court and the defendant to insure that defendant is making an informed decision. Moreover, in this particular instance, there was no direct colloquy between defendant and the court because defendant’s counsel was the intermediary in communications at both hearings. Such a dilution of the dictates of La. R.S. 15:529.1 clearly does not comply with a strictly construed interpretation of the statute.
A trial court’s failure to properly advise a defendant of his rights under the Habitual Offender Law requires that the habitual offender adjudication and sentence be vacated. See State v. Fox, 98-1547, p. 4 (La.App. 1 Cir. 6/25/99), 740 So.2d 758, 760-761, and State v. Griffin, 525 So.2d at 707. The habitual offender adjudication and sentence are, accordingly, vacated. The matter is remanded to the trial court for proceedings in accordance with the views expressed herein.

SENTENCING

This court’s decision, vacating the habitual offender adjudication and sentence, pretermits the necessity to address assignment of error number two, in which defendant contends that, after sentencing him as a habitual offender, the trial court improperly vacated the original sentence and re-sentenced defendant as a habitual offender.
MULTIPLE OFFENDER ADJUDICATIONS AND SENTENCES VACATED; REMANDED FOR FURTHER PROCEEDINGS.
PARRO, J., dissents with reasons.

. The minute entry indicates the date was February 26. The transcript indicates the date was February 23. Where there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).