886 So.2d 499 (2004)
STATE of Louisiana
v.
Curtis B. GONSOULIN.
No. 2003 KA 2473.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
*500 Frank Sloan, Mandeville, for Defendant-Appellant, Curtis B. Gonsoulin.
Walter P. Reed, Covington, Dorothy Pendergast, Metairie, for Plaintiff-Appellee, State of Louisiana.
Before: CARTER, C.J., FOIL, WHIPPLE, PARRO, FITZSIMMONS, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, McDONALD, and McCLENDON, JJ.
CARTER, C.J.
We consider this matter en banc to resolve a conflict within this circuit as to the timeliness of the advice of rights at a habitual offender hearing.

BACKGROUND
The defendant, Curtis B. Gonsoulin, was charged by bill of information with one count of aggravated incest, a violation of LSA-R.S. 14:78.1.[1] He pled not guilty and, after trial by jury, was found guilty as charged. He subsequently was adjudicated a habitual offender and sentenced to ten years at hard labor without benefit of probation or suspension of sentence. The defendant appealed, urging three assignments of error. We affirm the conviction, habitual offender adjudication, and the enhanced sentence, but vacate the original sentence and remand.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant contends that the trial court erred in failing to properly inform him of his right to remain silent and of the allegations contained in the multiple offender bill of information. The defendant argues that his stipulation to being a habitual offender was invalid, as he was not advised of his right to remain silent prior to entering the stipulation. The defendant acknowledges that he was advised of his rights at his arraignment on the habitual offender bill of information; however, he contends that this was not sufficient to meet the requirements that he be advised of his right to remain silent prior to entering the stipulation.
LSA-R.S. 15:529.1 provides in pertinent part:
D. (1)(a) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of Subsection A *501 of this Section, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction or adjudication of delinquency. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b). The judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, or adjudicated a delinquent for an offense or offenses specified above as set forth in the information.
* * *
(3) When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. (Emphasis added.)
A trial court's failure to properly advise a defendant of his rights under the Habitual Offender Law requires that the habitual offender adjudication and sentence be vacated. See State v. Fox, 98-1547 (La.App. 1 Cir. 6/25/99), 740 So.2d 758, 760-61; State v. Griffin, 525 So.2d 705, 707 (La.App. 1 Cir.1988). Prior to accepting a defendant's acknowledgement, confession, or admission to the allegations of the habitual offender bill, the trial court must advise the defendant of the right to remain silent and of the right to a formal hearing wherein the state would have to prove the allegations of the habitual offender bill. See State v. Brown, 95-0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057, 1069-70. Furthermore, the language of the Habitual Offender Law must be strictly construed. State v. Jones, 504 So.2d 920, 922 (La.App. 1 Cir.1987). In this regard, an implicit and integral aspect of the requirements of LSA-R.S. 15:529.1 is the court's duty to inform the defendant of his right to remain silent. Id.; State v. Griffin, 525 So.2d at 706.
Louisiana Code of Criminal Procedure article 551 A provides that an arraignment "consists of the reading of the indictment to the defendant by the clerk in open court, and the court calling upon the defendant to plead." The reading of the indictment may be waived. The arraignment and the defendant's plea shall be entered into the minutes of the court and shall constitute a part of the record. LSA-C.Cr.P. art. 551A. While a habitual offender proceeding results in sentencing enhancement, rather than a separate criminal conviction, the requirement under LSA-R.S. 15:529.1 D(1)(a) that the defendant be brought before the court, informed *502 of the allegations and of his right to a formal hearing, and be made to admit or deny the allegations, conforms with the above definition of an arraignment.
In State v. Harris, 95-0900 (La.5/19/95), 654 So.2d 680 (per curiam), the Louisiana Supreme Court stated:
Admissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination. Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the Boykin colloquy which must accompany a valid plea of guilty. In the absence of any allegation or showing that the admission was involuntary,... the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. (Citations omitted.)
Based on Harris, it is clear that a full-fledged colloquy is not required. Nonetheless, the record does show that at the July 10, 2002 arraignment, the defendant was fully advised of his rights at the arraignment on the habitual offender bill. At that hearing, defense counsel waived the reading of the bill and the defendant stood silent at the time he was asked to enter his plea. Thus, it appears that at the arraignment hearing the defendant understood his right to remain silent as he chose to invoke that right by remaining silent when asked by the court for his plea. At the subsequent hearing, on August 14, 2002, the defendant was not readvised of his rights at the time his attorney stipulated to the allegations set forth in the habitual offender bill.
We find that the defendant was sufficiently advised of his rights at his arraignment and that advice of rights was sufficient to comply with the requirements of LSA-R.S. 15:529.1 D(1) and (3). The defendant, who was represented by counsel, clearly understood those rights by choosing to remain silent at the arraignment hearing, which prompted the setting of the hearing concerning the habitual offender allegations. It would be unnecessarily redundant to advise him again of his right to remain silent at the second hearing, particularly because the only reason he was there was because he had exercised his right to remain silent, after being advised he had this right. The law does not expressly state that the court is required to inform the defendant of his rights at each phase of the habitual offender proceeding. The law requires that the record demonstrate that the proceedings as a whole were fundamentally fair and accorded the defendant due process of law. See State v. Kennon, 34,455 & 34,456 (La.App. 2 Cir. 2/28/01), 781 So.2d 734, 738-40. Considering the above, we find that the trial court did not err in not advising the defendant of his rights a second time before he entered his stipulation. This assignment of error is without merit.
We agree with the dissenting opinion in State v. Tyrone, 00-0927 (La.App. 1 Cir. 2/16/01), 808 So.2d 445, 449. To the extent that this court's decision is inconsistent or in conflict with that opinion, State v. Tyrone is overruled.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, the defendant contends that the trial court erred in failing to vacate his original sentence before imposing the sentence as to *503 his habitual offender adjudication. The defendant asks this court to vacate his original sentence.
We agree with the defendant's contention that the court failed to vacate the original sentence before sentencing the defendant as a habitual offender. Although it is apparent from the trial court's actions that it intended to vacate the original sentence, out of an abundance of caution, we vacate the defendant's original sentence. See State v. Jackson, 00-0717 (La.App. 1 Cir. 2/16/01), 814 So.2d 6, 11 (en banc), writ denied, 01-0673 (La.3/15/02), 811 So.2d 895. We hereby remand the case for the trial court to amend the minute entry and commitment to reflect that the original sentence has been vacated.

ASSIGNMENT OF ERROR NUMBER THREE
In his third assignment of error, the defendant contends that the trial court erred in failing to advise him of the delays for applying for post-conviction relief at his sentencing as a habitual offender. The defendant acknowledges that the trial court informed him of the post-conviction delays at the time of his original sentencing; however, he asserts that the trial court failed to advise him of the delays at the time he was sentenced as a habitual offender. The defendant requests this court to direct the trial court to provide him with written notice of the correct prescriptive period for applying for post-conviction relief.
Louisiana Code of Criminal Procedure article 930.8 C provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for seeking post-conviction relief. However, a failure to do so by the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. See State v. Morgan, 93-2365 (La.App. 1 Cir. 12/22/94), 648 So.2d 1063, 1065-66, writ denied, 95-0207 (La.6/2/95), 654 So.2d 1104. Rather, because we concur in the defendant's observation and the case is being remanded, we hereby further direct the trial court to give the defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that the defendant has received the notice. See State v. Lewis, 94-2145 (La.App. 1 Cir. 11/9/95), 665 So.2d 38, 43.

CONCLUSION
For the above reasons, the defendant's conviction, habitual offender adjudication and enhanced sentence are affirmed. The defendant's original sentence is vacated and this matter is remanded with instructions to the trial court to amend the minute entry and commitment to reflect that the original sentence has been vacated. The trial court is further ordered to record the defendant's receipt of written notice of the prescriptive period for applying for post-conviction relief, which notice is to be given within ten days of the rendition of this opinion.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND ENHANCED SENTENCE AFFIRMED; ORIGINAL SENTENCE VACATED; REMANDED WITH ORDERS AND INSTRUCTIONS.
FITZSIMMONS, J., dissents and assigns reasons.
GAIDRY, GUIDRY and PETTIGREW, JJ., dissent for reasons assigned by FITZSIMMONS, J.
KUHN, J., concurs and assigns reasons.
*504 FITZSIMMONS, J., dissenting, with reasons.
I respectfully dissent. Before the defendant "acknowledges or confesses in open court," the law, as written by the legislature, requires that he must be "duly cautioned as to his rights...." La. R.S. 15:529.1 D(3). I cannot agree that the caution at the arraignment five weeks before, during which defendant did not confess, was sufficient to meet the statutory requirement. The Habitual Offender law must be strictly construed. State v. Jones, 504 So.2d 920, 922 (La.App. 1 Cir.1987).
KUHN, J., concurring.
I concur to state that the remand directed here is unnecessary. Correction of records below does not require a remand and may be accomplished by a simple order directed to the trial court. Judicial economy and efficiency would dictate this alternative course of action
NOTES
[1] The facts surrounding the charge of aggravated incest are omitted from this opinion, because they are not relevant to the issues raised in this appeal.