STATE OF LOUISIANA
v.
WILLIE HARMASON
No. 2008 KA 0399.
Court of Appeal of Louisiana, First Circuit.
November 14, 2008.
NOT DESIGNATED FOR PUBLICATION
HON. DOUG MOREAU, District Attorney, DARWIN C. MILLER, KORY J. TAUZIN, Assistant District Attorneys, Baton Rouge, LA, Attorneys for State of Louisiana.
MARY E. ROPER, Baton Rouge, LA, Attorney for Defendant-Appellant Willie Harmason.
Before: PETTIGREW, McDONALD and HUGHES, JJ.
PETTIGREW, J.
The defendant, Willie Harmason, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967(C). The defendant pled not guilty and, following a jury trial, he was found guilty as charged. The State subsequently filed a habitual offender bill of information, alleging the defendant to be a third felony habitual offender. At the sentencing hearing, the defendant admitted his prior allegations and stipulated to being a third felony habitual offender. The trial court sentenced him to seven years at hard labor without probation or suspension of sentence. The defendant now appeals. We affirm the conviction, habitual offender adjudication, and sentence.

FACTS
On March 15, 2006, about 8:20 p.m., Officers Tommy Banks and Seth Sinclair of the Baton Rouge Police Department were on routine patrol in marked units in a high-crime area in Scotlandville, East Baton Rouge Parish. Officer Banks, who was in the lead unit, observed the defendant walking on the roadway with his left hand open and his right hand clinched. When the defendant turned and saw Officer Banks, the defendant became extremely nervous and dropped from his closed hand a clear plastic bag. Officer Banks retrieved the bag, and Officer Sinclair made contact with the defendant. Officer Banks observed that the bag contained what appeared to be a rock of crack cocaine. The defendant was arrested and read his Miranda rights. The crack rock weighed .06 grams and tested positive for cocaine.

ISSUES PRESENTED
Defense counsel has filed a motion to withdraw from the case. In accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam); and State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir. 1990)[1] defense counsel has filed a brief indicating that, after a conscientious and thorough review of the record, this case presents no non-frivolous issues for appeal.
A copy of defense counsel's brief and motion to withdraw were sent to the defendant. Defense counsel has informed the defendant of his right to file a supplemental brief on his own behalf. The defendant has filed a pro se brief with this court.
In her brief, defense counsel notes that, during voir dire, the defendant challenged for cause a prospective juror who hoped police officers always told the truth, but did not necessarily believe that they did. The juror stated she would follow the law to the best of her ability. In noting there was no indication the juror would not be fair in judging the credibility of each witness, the trial court denied the challenge. As such, defense counsel finds there is no arguable issue regarding rulings during jury selection. Defense counsel also notes the evidence was sufficient to support the defendant's conviction for possession of cocaine. Defense counsel further notes the defendant stipulated to being a third felony habitual offender and was sentenced to seven years. As such, according to defense counsel, there is no arguable issue for appeal regarding the sufficiency of evidence, the defendant's status as a third felony habitual offender, or the excessiveness of the sentence.

PRO SE ASSIGNMENT OF ERROR
In his pro se assignment of error, the defendant asserts that the trial court's failure to sentence him on his instant conviction of possession of cocaine rendered his habitual offender adjudication and sentence defective. This assertion is baseless.
La. R.S. 15:529.1(D)(3) provides in pertinent part:
When the judge finds that [the defendant] has been convicted of a prior felony or felonies ... the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. [Emphasis added.]
The plain wording of the statute imposes no such requirement that the trial court sentence the defendant on his underlying conviction prior to adjudicating and sentencing the defendant as a habitual offender. Furthermore, the defendant cites no authority to support his contention that the trial courts failure to sentence him on his underlying conviction for possession of cocaine renders his habitual offender adjudication and sentence defective. The cases the defendant cites in support of his argument, including State v. Henderson, 94-286 (La. App. 5 Cir. 12/14/94), 648 So.2d 974, address the issue of the trial court's failure to vacate the underlying sentence that was imposed prior to sentencing the defendant as a habitual offender. This issue is not before us. Accordingly, there is no error in the trial court's imposition of only an enhanced sentence as a habitual offender for the defendant's instant conviction of possession of cocaine.
The defendant further asserts that the State failed to submit any evidence to prove his predicate convictions, and that there is nothing in the record to indicate he understood he was entitled to a trial[2] or to remain silent since the trial court did not advise him of his rights or "address [him] at all." These assertions are baseless.
A trial court's failure to properly advise a defendant of his rights under the Habitual Offender Law requires that the habitual offender adjudication and sentence be vacated. Prior to accepting a defendant's acknowledgement, confession, or admission to the allegations of the habitual offender bill, the trial court must advise the defendant of the right to remain silent and of the right to a formal hearing wherein the state would have to prove the allegations of the habitual offender bill. Furthermore, the language of the Habitual Offender Law must be strictly construed. In this regard, an implicit and integral aspect of the requirements of La. R.S. 15:529.1 is the court's duty to inform the defendant of his right to remain silent. State v. Gonsoulin, 2003-2473, pp. 3-4 (La. App. 1 Cir. 6/25/04), 886 So.2d 499, 501 (en banc), writ denied, XXXX-XXXX (La. 12/10/04), 888 So.2d 835.
At the sentencing hearing, the defendant stipulated to being a third felony habitual offender. The trial court reviewed the defendant's prior convictions of sexual battery and attempted forcible rape and the sentences imposed for these offenses. The trial court then noted that the defendant's present conviction of possession of cocaine resulted in his being a third felony habitual offender. The trial court asked the defendant if he admitted or denied his prior felony convictions. The defendant stated, "I admit, Your Honor." The trial court then explained to the defendant his sentencing range as a third felony habitual offender. The defendant informed the trial court that he understood the explanation. The trial court then informed the defendant that he would have a right to a full hearing wherein it would be the State's burden to prove he was convicted of the two prior felony convictions, as well as the underlying conviction. The trial court further informed the defendant he would have the right to be represented by an attorney at the hearing, the right to confront witnesses against him, and the right to cross-examine those witnesses. Regarding the defendant's right to remain silent, the trial court stated:
You would also have the right at the hearing to remain silent. You can testify, if you wanted to, but you could remain silent and not testify and nobody could make you testify and if you chose not to testify, that could not be held or used against you in any way or taken as any indication of guilt.
The trial court asked the defendant if he understood, to which the defendant responded, "Yes, sir." Subsequently, the following colloquy between the trial court and the defendant took place:
Q. All right. Do you understand each of these rights to a hearing, right to confront the witnesses against you, right to have your attorney cross-examine those witnesses and your right to remain silent at that hearing?
A. Yes, sir.
Q. And do you waive and give up each of these rights, sir?
A. Yes, sir.
Q. All right. Has anybody promised you anything, or threatened you or forced you in any way in order to get you to make this admission?
A. Well, my lawyer said it wouldn't be no more than seven and a half.
Q. That's what the State . . . said that they would recommend . . . The range would be up to me. But I would take into consideration any recommendation made by the State.
A. Yes, sir.
Q. Do you understand that?
A. Yes, sir.
Q. All right. Now, other than that, has [sic] any promises been made to you?
A. No, sir.
Q. And you understand it's my decision as to what your sentence would be? I could go down from their recommendation, I could go up from their recommendation.
A. Yes, sir.
Q. All right. Other than that, has anybody promised you anything in order to make this admission, sir?
A. No, sir.
Q. Had anybody threatened you, intimidated you, coerced you or forced you to make this admission?
A. No, sir.
Q. All right. Do you still wish to make this admission, knowing that you will then be sentenced within that sentencing range as a third felony offender, sir?
A. Yes, sir.
Following this colloquy, the trial court accepted the defendant's admission as freely, voluntarily, and intelligently entered, and adjudicated him a third felony habitual offender. The State then introduced into evidence a package referencing the defendant's prior convictions, including bills of information, minutes evidencing the offenses, convictions, and sentences, and fingerprints associated with the bills of information. Following this, the trial court again asked the defendant if he still wished to make the admission as a third felony habitual offender. The defendant replied, "Yes, Your Honor." Thereafter, the trial court sentenced the defendant to seven years at hard labor.
Our review of the sentencing transcript clearly indicates the defendant was properly advised of his rights under the Habitual Offender Law. The trial court advised the defendant of his right to remain silent and of his right to a formal hearing wherein the State would have to prove the allegations of the habitual offender bill. Furthermore, while not required, the State introduced into evidence the predicate convictions. Accordingly, the defendant's pro se assignment is without merit.
This court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. The defendant was properly charged by bill of information and the bill was signed by an Assistant District Attorney. The defendant was present and represented by counsel at arraignment, jury selection, trial, and sentencing. A review of the trial transcript reveals the State proved every essential element of the crime beyond a reasonable doubt. The sentence imposed is legal in all respects. See State v. Benjamin, 573 So.2d at 531. Furthermore, we have found no reversible errors under La. Code Crim. P. art. 920(2). Our independent review reveals no non-frivolous issues which arguably support this appeal. Accordingly, the defendant's conviction, habitual offender adjudication, and sentence for possession of cocaine are affirmed. Defense counsel's motion to withdraw is hereby granted.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED. MOTION TO WITHDRAW IS GRANTED.
NOTES
[1] In State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), the Louisiana Supreme Court sanctioned the procedures outlined in State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir. 1990), for use by the appellate courts of Louisiana. See State v. Jyles, 96-2669 at p. 1, 704 So.2d at 241.
[2] Since the defendant clearly had a trial, we presume he is referring to a habitual offender proceeding.