STATE OF LOUISIANA
v.
LAWRENCE FRANK LANDOR.
No. 2008 KA 1577.
Court of Appeals of Louisiana, First Circuit.
May 13, 2009.
Not Designated for Publication
WALTER P. REED, District Attorney, Counsel for Plaintiff-Appellee State of Louisiana.
KATHRYN W. LANDRY, FRANK SLOAN, Counsel for Defendant-Appellant Lawrence Frank Landor.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
KUHN, J.
The defendant, Lawrence Frank Landor, was charged by bill of information with distribution of cocaine, a violation of La. R.S. 40:967(A)(1). The defendant pleaded not guilty and, following a jury trial, he was found guilty as charged. The State filed a "multiple offender" bill of information. At the habitual offender hearing, the defendant was sentenced on his original sentence to fifteen years at hard labor, with the first ten years of the sentence to be served without benefit of parole, probation, or suspension of sentence. The defendant admitted to the allegations of the habitual offender bill and waived the habitual offender hearing. The trial court accepted the defendant's "plea" under the habitual offender bill, vacated the original sentence, and sentenced the defendant to twenty years at hard labor pursuant to La. R.S. 15:529.1. The defendant now appeals, designating two assignments of error. We affirm the conviction. We vacate the habitual offender adjudication and sentence, and remand for resentencing.

FACTS
On June 22, 2006, Detective Cheryl Kaprielian of the St. Tammany Parish Sheriffs Office was working undercover for the Narcotics Task Force, which was targeting narcotics dealers. A confidential informant contacted the defendant to arrange a drug transaction. Detective Kaprielian drove her vehicle to the Slidell Post Office on U.S. Highway 190. She exited her vehicle and approached the defendant in his vehicle. She purchased from the defendant $100 worth of crack cocaine with a net weight of .83 grams. Detective Kaprielian testified at trial and identified the defendant in court.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant argues the trial court erred in adjudicating and sentencing him as a habitual offender. Specifically, the defendant contends that at the habitual offender hearing, he was not advised of his right to remain silent or his right to a hearing on the habitual offender bill of information. This argument has merit.
A trial court's failure to properly advise a defendant of his rights under the Habitual Offender Law requires that the habitual offender adjudication and sentence be vacated. Prior to accepting a defendant's acknowledgement, confession, or admission to its allegations, the trial court must advise the defendant of the right to remain silent and of the right to a formal hearing wherein the State would have to prove the allegations of the habitual offender bill. Furthermore, the language of the Habitual Offender Law must be strictly construed. In this regard, an implicit and integral aspect of the requirements of La. R.S. 15:529.1 is the court's duty to inform the defendant of his right to remain silent. State v. Gonsoulin, 2003-2473, pp. 3-4 (La. App. 1st Cir. 6/25/04), 886 So.2d 499, 501 (en banc), writ denied, XXXX-XXXX (La. 12/10/04), 888 So.2d 835; See State v. Fox, 98-1547, pp. 3-4 (La. App. 1st Cir. 6/25/99), 740 So.2d 758, 760-61. See La. R.S. 15:529.1(D)(1)(a).
At the habitual offender hearing in the instant matter, defense counsel informed the trial court that the allegations in the habitual offender bill of information were correct and that the defendant waived the habitual offender hearing. The trial court asked, "So he hereby then wants to plead to the multiple offender bill; is that correct?" Defense counsel responded, "Yes, Your Honor." The trial court accepted the defendant's plea under the habitual offender bill, vacated the original sentence, and sentenced the defendant under the Habitual Offender Law.
Since no habitual offender hearing was conducted for the State to prove the truth of the allegations, the trial court was required to inform the defendant of his rights. See State v. Denomes, 95-1201, p. 11 (La. App. 1st Cir. 5/10/96), 674 So.2d 465, 472, writ denied, 96-1455 (La. 11/8/96), 683 So.2d 266. At no time, either at the arraignment on the habitual offender bill or at the habitual offender hearing wherein the defendant admitted to the allegations of the habitual offender bill, did the trial court advise the defendant of his right to remain silent or of his right to a formal hearing. See Gonsoulin, 2003-2473 at p. 5, 886 So.2d at 502. We further note in its brief that the State concedes the defendant was not properly advised. Accordingly, the defendant's habitual offender adjudication and sentence are vacated.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the defendant argues that the original sentence imposed was illegally excessive. We note that, as the defendant correctly asserts, the original sentence of fifteen years at hard labor, the first ten years of the sentence without benefit of parole, probation, or suspension of sentence, imposed an illegal condition. Under La. R.S. 40:967(B)(4)(b), only the first two years of the sentence are to be without benefits. However, since we are vacating the habitual offender adjudication and sentence, and the original sentence was vacated at the habitual offender hearing, the second assignment of error is technically moot.
This case is remanded for resentencing. The defendant is not protected by principles of double jeopardy from being adjudicated again under the Habitual Offender Law. See State v. Young, 99-1310, p. 5 (La. App. 1 st Cir. 4/17/00), 769 So.2d 12, 14.

DECREE
For these reasons the conviction of the defendant, Lawrence Frank Landor, is affirmed. The habitual offender adjudication and sentence are vacated, and the matter is remanded for resentencing.
CONVICTION AFFIRMED. HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED. REMANDED FOR RESENTENCING.